## COMMONWEALTH of Kentucky, Movant,

v.

### William V. GROSS, Respondent.

### No. 87–SC–862–DG.

Supreme Court of Kentucky.

Oct. 6, 1988.

As Corrected Oct. 21, 1988.

Frederic J. Cowan, Atty. Gen., Frankfort, Mary–James Young, Asst. Atty. Gen., for movant.

William T. Warner, Paul V. Guagliardo, Asst. Director of Law, City of Louisville, Louisville, amicus curiae.

David R. Marshall, Gallion, Baker & Bray, Lexington, for respondent.

GANT, Justice.

As the result of information from a reliable informant, a search warrant for the premises of the appellant was issued at 10:33 p.m. on March 2, 1986. The warrant, the accompanying affidavit, and the information received at the time of issuance was that there was a large amount of cocaine on the premises, that the occupants of the house had in their possession some Uzis and other lethal automatic weapons and that one of the occupants had an arrest record for drug-related offenses.

Visualizing a high risk situation, a special unit of the Metro Police was dispatched to conduct an immediate search. Faced with the circumstances of potential destruction of the drugs and the danger from the automatic weapons, the officers planned an

unannounced entry into the premises. They opened the screen door, shouted "police" several times, and struck the door with a sledge hammer, which went through the door without forcing it open. As they sought to kick it down, a shot was fired at them through the door, hitting three of the police and terminating in the abdominal region of a bulletproof vest worn by one officer. Using non-lethal percussion grenades, the police then forced the four occupants, including the respondent, from the premises.

A search of the house after the bullet was fired revealed two 9 mm automatic pistols, a shotgun and a shell casing which matched the bullet lodged in the bulletproof vest. Respondent was indicted for second-degree assault and wanton endangerment, but the two counts were merged at the conclusion of the Commonwealth's evidence.

The respondent was convicted of first-degree wanton endangerment in the Fayette Circuit Court and sentenced to two years in prison. This conviction was reversed by the Court of Appeals in a 2–1 decision.

This court agrees with the dissenting opinion of Judge Wilhoit of the Court of Appeals. The issue here is not whether the method of serving the search warrant was in violation of the law but whether, once the police officers had been shot by someone within the house, probable cause existed that a felony had thereby been committed and that there were exigent circumstances justifying their immediate entry to effect an arrest for that felony. *See Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), and *Gilbert v. Commonwealth*, Ky., 637 S.W.2d 632 (1982).

Because of the publicity attending the issuance of the Court of Appeals opinion and the resulting confusion among law enforcement officials throughout the Commonwealth, we feel that additional comment is necessary. The Court of Appeals announced a "bright line" rule, whereby in the future no search warrants may be executed at night and no entry may be made unannounced. The opinion mandates in-

stead that under all circumstances the police are to go to the premises in the daytime, knock on the door and announce who they are and the purpose of their presence. This is not the law in Kentucky, and never should be.

To reach this unwarranted conclusion, the majority relied upon KRS 70.180, entitled **"Breaking and entering for purpose of executing writ."** Section (5) of that statute specifically provides:

> In executing ... any criminal or penal process requiring an actual arrest, the sheriff or other officer may break open any door of the dwelling or other house of the defendant, or any other person, if it is necessary to enable him to make an arrest.

The opinion further ignores the common law of this state which is and always has been that, when exigent circumstances exist, a search warrant may be executed at any time.

The Court of Appeals is reversed, and the judgment of the Fayette Circuit Court is affirmed.

All concur except VANCE, J., who concurs in result only.